BAKER, Judge
(concurring in the result):
I concur in the result. In my view, this case is governed by United States v. Banker, 60 M.J. 216, 225 (C.A.A.F.2004). In Banker, we concluded that in the context of Military Rule of Evidence (M.R.E.) 412, it is “within the judge’s discretion to determine that such a cursory argument [does] not sufficiently articulate how the testimony reasonably established a motive to fabricate.... [It is] within the discretion of the military judge to conclude that the offered testimony was not relevant.” Id. at 225. The burden is on the appellant to prove why the M.R.E. 412 prohibition should be lifted. Id.
Appellant’s theory of admission was that SR, having lied to Appellant about her prior sexual misconduct with an enlisted member of the Coast Guard, demonstrated a propensity to lie about her sex life generally and in particular to make false allegations to law enforcement authorities to conceal her own sexual misconduct. Appellant argues that SR’s misconduct also included engaging in consensual sexual activities with Appellant in the Cadet barracks. Therefore, Appellant argues, he had a constitutional right to cross-examine SR about her prior sexual conduct, notwithstanding the general prohibition on such examination enshrined in M.R.E. 412.
The problem for Appellant is that his theory of admission is too far-fetched to pass constitutional and M.R.E. 403 muster. First, SR had no obligation to tell Appellant about her sexual life and misconduct. It does not logically follow that someone who would lie to protect her privacy from a probing acquaintance would lie to the police and commit perjury. Second, it was SR herself who reported her sexual contact with Appellant; this cuts against Appellant’s theory that SR would lie to conceal her own misconduct. Third, to support this theory of admission the members needed to know that SR had “lied” to Appellant about her sexual misconduct; they did not need to know the details of the prior sexual conduct. This much the military judge permitted.
In my view, Appellant might have a different appellate ease if he had argued to this Court that members needed to know the nature of “the secret” in order to assess beyond a reasonable doubt whether SR might succumb to pressure to protect the secret. This alternative theory was not the basis of Appellant’s appeal before this Court. In any event, it should be noted that the military judge rejected this theory at trial, his conclusions of law stating:
While the importance of her secret would be relevant in this fashion, I do not think that the members would need to know the specifics. At the Article 39(a) session, the Government offered a generic formulation that would impress upon the members the seriousness of the secret. In essence, the members could be informed that the secret was information that if revealed could have an adverse impact on her Coast Guard career, including possibly disciplinary action under the UCMJ.
Reasonable judges might disagree on whether additional detail about “the secret” was needed for members to fairly assess whether this Coast Guard cadet was coerced into sexual conduct to safeguard that secret. But I am not persuaded that it was plain error. The military judge informed the members that the secret exposed the witness to criminal liability and violated academy regulations. This is the very sort of balancing military judges are supposed to conduct *450 when they weigh an accused’s rights and a victim’s privacy under M.R.E. 412.