EFFRON, Chief Judge,
with whom BAKER, Judge, joins (concurring in part and in the result):
I agree with the majority opinion that: (1) the balancing test in Military Rule of Evidence (M.R.E.) 412(c)(3) is not unconstitutional on its face; (2) if exclusion of evidence would violate the constitutional rights of the accused, the evidence is admissible under the rule irrespective of the relative balance between the probative nature of the evidence and the impact on the alleged victim’s privacy; and (3) the rule was not applied in an unconstitutional manner in this case. I write separately to address the interpretation of M.R.E. 412.
I. THE RULE
Congress has delegated to the President the authority to prescribe rules of evidence for courts-martial under Article 36, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 836 (2006). See United States v. Jones, 68 M.J. 465, 472 (C.A.A.F.2010). Pursuant to that authority, the President has promulgated M.R.E. 412, entitled “Sex offense cases; relevance of alleged victim’s sexual behavior or sexual predisposition.” Subsection (a) of the rule, entitled “Evidence generally inadmissible” provides a general limitation on the admission into evidence of an alleged victim’s sexual behavior or sexual predisposition.
Subsection (b)(1) of the rule contains the following exceptions to the general limitation:
In a proceeding, the following evidence is admissible, if otherwise admissible under these rules:
(A) evidence of specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of semen, injury, or other physical evidence;
(B) evidence of specific instances of sexual behavior by the alleged victim with respect to the person accused of the sexual misconduct offered by the accused to prove consent or by the prosecution; and
(C) evidence the exclusion of which would violate the constitutional rights of the accused.
Subsection (c) of the rule sets forth the procedure to determine the admissibility of evidence under the exceptions. Paragraph (e)(1) requires the party seeking to admit such evidence to offer a motion and sets forth related procedural requirements. Paragraph (c)(2) requires the military judge to conduct a hearing prior to admitting such evidence under the rule. Paragraph (e)(3) states:
If the military judge determines on the basis of the hearing described in paragraph (2) of this subsection that the evidence that the accused seeks to offer is relevant for a purpose under subsection (b) *258 and that the probative value of such evidence outweighs the danger of unfair prejudice to the alleged victim’s privacy, such evidence shall be admissible under this rule to the extent an order made by the military judge specifies evidence that may be offered and areas with respect to which the alleged victim may be examined or cross-examined. Such evidence is still subject to challenge under Mil. R. Evid. 403.
II. THE TWO BALANCING TESTS
M.R.E. 412(c)(3) involves two separate balancing tests. The first balancing test, set forth in the first sentence of paragraph (c)(3), expressly refers to a determination as to whether “the probative value of such evidence outweighs the danger of unfair prejudice to the alleged victim’s privacy.” The second balancing test is incorporated by the reference in the second sentence of paragraph (c)(3) to M.R.E. 403, which provides that “[ajlthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.”
The two tests are related, but distinct. The victim’s privacy interest in the first balancing test under M.R.E. 412(e)(3) is not coextensive with the M.R.E. 403 criteria in the second balancing test. As we noted in United States v. Collier, “M.R.E. 403 addresses prejudice to the integrity of the trial process, not prejudice to a particular party or witness.” 67 M.J. 347, 354 (C.A.A.F.2009). By contrast, M.R.E. 412(c)(3) focuses directly on prejudice to the interests of a particular witness — the alleged victim — whose privacy interest may or may not fall within the M.R.E. 403 criteria, depending on the circumstances of the case.
The two balancing tests also involve separate standards. M.R.E. 403 permits exclusion of evidence based upon a determination as to whether the probative value “substantially outweigh[s]” one or more of criteria under the Rule. M.R.E. 412(c)(3) provides for admissibility (not exclusion) based upon balancing two specific criteria — probative value and the victim’s privacy.
III. INTERPRETATION
Appellant’s interpretation of M.R.E. 412(c)(3) would permit a military judge to exclude evidence constitutionally required to be admitted under the Fifth or Sixth Amendment on the basis that the rule requires exclusion when a victim’s privacy interests outweigh the probative value. In Appellant’s view, the rule, as so interpreted, would produce an unconstitutional deprivation of the rights of a defendant to present evidence under the Constitution.
Appellant’s interpretation reflects an inference, not the express terms of the rule. Appellant’s interpretation assumes that because the text addresses conditions under which evidence is admissible, we should infer that the rule necessarily requires exclusion of all other evidence — that is, evidence which fails the balancing test.
Appellant’s approach presents a plausible, but not a necessary interpretation of the rule. The text of paragraph (c)(3) does not use express words of exclusion or limitation. The President could have, but did not use a phrase such as “evidence is inadmissible unless” it meets the balancing test, or “evidence is admissible only” if it meets the balancing test. Instead, the President in paragraph (c)(3) set forth a balancing test which provides that evidence “shall be admissible” under the test without expressly addressing the admissibility of evidence outside the balancing test.
Appellant would interpret paragraph (c)(3) as providing an exclusive rule of admissibility, precluding the introduction of evidence that does not meet the balancing test, even if constitutionally required. Alternatively, however, paragraph (c)(3) may be interpreted as a non-exclusive rule, providing for admissibility of evidence that meets the balancing test, while permitting evidence that does not meet the test to be addressed under other provisions of M.R.E. 412(c)(3).
*259 Interpreting paragraph (c)(3) as the exclusive vehicle for admissibility, as suggested by Appellant, would create a conflict with the admissibility provisions of subparagraph (b)(1)(C) (providing for admissibility when exclusion “would violate the constitutional rights of the accused”). As such, Appellant’s interpretation would also create a conflict between the rule and the Constitution.
The conflict presented by Appellant’s theory, which is not required by the text of the rule, is unnecessary in this case. Under the applicable doctrines of statutory interpretation, which we apply to our review of the Manual for Courts-Martial, see United States v. Custis, 65 M.J. 366, 370 (C.A.A.F.2007), we may read related provisions in harmony, giving meaning to each provision of the rule, while avoiding constitutional conflicts. See 2A Norman J. Singer & J.D. Shambie Singer, Sutherland Statutes and Statutory Construction §§ 45:11, 78; 46: 5, 213-14; 46:6, 230 (7th ed. 2007). In light of those concepts, we may choose the alternative reading of the rule, and treat paragraph (c)(3) as a non-exclusive rule of admissibility. See id. § 45:11, 78-83.
As a non-exclusive rule, paragraph (c)(3) serves a specific purpose. The rule expressly requires balancing of the victim’s privacy interests and the probative value of the evidence as a factor on the question of admissibility. Irrespective of whether such a provision is necessary as a matter of law or policy, it is well within the President’s authority under Article 36, UCMJ, to require such balancing as part of the admissibility determination.
Under the rule, the military judge addresses the following questions:
(1) Does the evidence involve the alleged victim’s sexual behavior or sexual predisposition under the general rule of inadmissibility in subsection (a)?
(2) If so, is the evidence relevant under paragraph (e)(3) to one of the three exceptions providing for admissibility under subsection (b)?
(3) If relevant, does the evidence meet the balancing test under paragraph (c)(3)?
(4) If the evidence meets the balancing test under paragraph (c)(3), is it nonetheless subject to exclusion under M.R.E. 403?
(5) If the evidence does not meet the admissibility test under paragraph (c)(3), is it nonetheless admissible to protect the “constitutional rights of the accused” under subpar-agraph (b)(1)(C)? See, e.g., United States v. Banker, 60 M.J. 216, 222 (C.A.A.F.2004) (discussing the admissibility of evidence that is “vital” to the defense).
IV. LAW AND POLICY
The President has ample authority under Article 36, UCMJ, to decide whether and how to expressly address the interests of alleged victims in M.R.E. 412. In 2007, the President amended M.R.E. 412 to provide in paragraph (c)(3) for use of a balancing test that addressed the victim’s interests. See Manual for Courts-Martial, United States, Analysis of the Military Rules of Evidence app. 22 at A22-36 (2008 ed.). Prior to 2007, consideration of a victim’s interests was addressed through judicial interpretation of the prior rule, which did not expressly provide such a balancing test. See id.
In United States v. Sanchez, 44 M.J. 174, 178 (C.A.A.F.1996), which described M.R.E. 412 as a valid exercise of Presidential power, we noted that the rule involved “a weighing of the probative value of the evidence against the interest of shielding the victim’s privacy.” Subsequently, in the course of interpreting M.R.E. 412(e)(3), we noted in Banker, 60 M.J. at 223, that “when balancing the probative value of the evidence ... under M.R.E. 412, the military judge must consider not only the M.R.E. 403 factors ..., but also prejudice to the victim’s legitimate privacy interests.”
The references to the alleged victim’s interests in Sanchez and Banker reflected our Court’s interpretation of M.R.E. 412 as promulgated by the President under the authority delegated to the President in Article 36, UCMJ. Neither case held that the President was obligated to provide expressly for consideration of the alleged victim’s interests as a matter of law under the Constitution or the UCMJ. In that context, these decisions *260 did not limit the authority of the President to take a different approach, including consideration of matters particular to military practice. Cf. Banker, 60 M.J. at 221 (citing the analysis that “the application of [M.R.E. 412] has been somewhat broadened ... to adapt [it] to military practice” (first set of brackets in original)).
In the aftermath of Sanchez and Banker, the President had at least three options with respect to treatment of an alleged victim’s interests under the rule: (1) leave the prior version of the rule in place, thereby allowing the interests of alleged victims to be addressed through judicial interpretation rather than express regulatory language; (2) amend M.R.E. 412 to negate the Sanchez-Banker interpretative approach by expressly providing, for example, that the interests of alleged victims be considered only to the extent required by M.R.E. 403; and (3) amend the rule to incorporate expressly provisions dealing with the interests of alleged victims along the lines offered in Sanchez and Banker. See generally United States v. Tualla, 52 M.J. 228, 231 (C.A.A.F.2000) (discussing the authority of the President to amend the Manual for Courts-Martial in the aftermath of judicial decisions).
The President chose the third option, setting forth a balancing test that expressly addresses the interests of alleged victims. The President remains free to retain that approach or to amend the rule in any fashion consistent with Article 36, UCMJ, the balance of the UCMJ, and the Constitution. The policy question of whether to address victim interests through the balancing test in the rule is a matter for the President and Congress to decide. Until the rule is changed, it remains in effect, subject to our obligation to interpret the rule in accordance with the Constitution and applicable legislation.