**UNITED STATES, Appellee**

v.

**Michael B. RAYA, Airman, U.S. Air Force, Appellant.**

No. 96–0010.
Crim. App. No. 31022.

U.S. Court of Appeals for the Armed Forces.

Argued June 5, 1996.

Decided Sept. 30, 1996.

For Appellant: *Captain Kevin P. Koehler* (argued); *Colonel Jay L. Cohen* (on brief); *Captain J. Knight Champion, III.*

For Appellee: *Captain R. Scott Howard* (argued); *Colonel Jeffery T. Infelise* and *Lieutenant Colonel Michael J. Breslin* (on brief).

ANDERSON, District Judge: *

On October 23, 1993, appellant was convicted of rape, in violation of Article 120, Uniform Code of Military Justice, 10 USC § 920, at a trial before a general court-martial consisting of a judge alone at K.I. Sawyer Air Force Base, Michigan. He was sentenced to a bad-conduct discharge, confinement for 7 years, and reduction to E–1. The convening authority approved the sentence, except for confinement exceeding 66 months. In an unpublished opinion, the Court of Criminal Appeals affirmed the findings and the approved sentence, except for confinement exceeding 4 years.

The prosecution introduced the testimony of a social worker who the judge qualified as an expert in the field of sexual abuse and associative disorders. The social worker opined that the victim of the rape had symptoms consistent with a finding of Rape Accommodation Syndrome (RAS), a mental disorder not specifically recognized in the Diagnostic and Statistical Manual of Mental Disorders (3d ed. Revised) (DSM–III–R), but one similar to Post–Traumatic Stress Disorder (PTSD), a condition that is recognized in the DSM–III–R at 247–51.

The granted issue asks whether the judge erred in allowing the social worker to testify that she agreed the victim suffered from PTSD with symptoms of RAS, and to impermissibly buttress the credibility of the victim. 43 MJ 458.

I

Appellant asserts that the social worker, who was not licensed or educated as a psychologist, was not qualified to be an expert in the field of rape trauma. Appellant also asserts that the basis of the expert's opinion was not sufficient because it was based only on statements taken from the victim both in and out of court, and because the social worker "did not have the opportunity to interact with [the victim]—she only observed her testimony." Final Brief at 2, 4.

Admission and consideration of expert testimony is subject to well-settled law. As we have stated:

> For expert testimony to be admissible, certain factors must be established under the Military Rules of Evidence in Manual for Courts–Martial, United States, 1984: (A) the qualification of the expert, Mil.R.Evid. 702; (B) the subject matter of the expert testimony, Mil.R.Evid. 702; (C) the basis for the expert testimony, Mil.R.Evid. 703; (D) the legal relevance of the evidence, Mil.R.Evid. 401 and 402; (E) the reliability of the evidence, *United States v. Gipson*, 24 MJ 246 (CMA 1987), and Mil.R.Evid. 401; and (F) whether the "probative value" of the testimony outweighs other considerations, Mil.R.Evid. 403. The burden is on the proponent to establish each of these factors.

*United States v. Houser*, 36 MJ 392, 397 (CMA 1993). Appellant asserts error for failure of the prosecution to establish items (A) and (C) above.

 A decision of the military judge to admit the testimony of an expert witness is reviewed under an abuse-of-discretion standard. *Houser*, 36 MJ at 397. Mil.R.Evid 702, Manual for Courts–Martial, United States (1995 ed.), provides that a witness may be qualified as an expert by reason of "knowledge, skill, experience, training, or education." The facts here indicate that it was not an abuse of discretion to allow the expert to testify regarding whether the victim was properly diagnosed as having PTSD with symptoms of RAS.

The evidence reflects that the social worker had provided therapy for about 50 rape victims. She also testified that, as a normal course of her therapy with rape victims, she routinely diagnosed and treated cases of PTSD, many of which involved symptoms of RAS. Moreover, Air Force regulations allow social workers to make diagnoses in the

---

* The Honorable G. Ross Anderson, Jr., United States District Judge for the District of South Carolina, sitting by designation pursuant to Article 142(f), Uniform Code of Military Justice, 10 USC § 942(f).

course of their work. *See* para. 38–39, Air Force Regulation 160–12, Medical Services, Professional Policies and Procedures (Aug. 1982); unpub. op. at 5. On these facts, we hold that the military judge did not abuse his discretion by allowing the social worker to give her opinion on whether the victim suffered from PTSD with symptoms of RAS.

█ Appellant failed to object to the qualification of the social worker as an expert. Failure to object renders the admissibility of expert testimony unreviewable, unless plain error exists. Mil.R.Evid. 103(a); *United States v. Suarez,* 35 MJ 374, 376 (CMA 1992).

█ Similarly, the social worker testified following Dr. Koziol's testimony. The social worker merely agreed with Dr. Koziol's testimony that the victim suffered from PTSD. Any effect the social worker's testimony had on the military judge sitting alone was cumulative and, therefore, not reversible error. Accordingly, there was no error in allowing the social worker to provide expert testimony on the diagnosis of the victim's mental condition.

█ Appellant next asserts error because the social worker based her opinion only on observing the victim testify in court, reading reports of others, and assuming facts as alleged by the victim were true. These bases for an expert's opinion are allowed. Under Mil.R.Evid. 703, "an expert's opinion may be based upon personal knowledge, assumed facts, documents supplied by other experts, or even listening to the testimony at trial." *Houser,* 36 MJ at 399. That the social worker's opinion was not based on personal interaction and observation with the victim goes to weight, not admissibility, of the expert's testimony. *See United States v. Youngberg,* 43 MJ 379, 387 n. 10 (1995). Thus, there was no abuse of discretion in allowing the social worker's expert testimony.

## II

█ The next question in the granted issue is whether the military judge erred in allowing the social worker to improperly comment on the victim's credibility.

The only specific testimony cited by appellate defense counsel to support the argument that the social worker's "entire testimony was based on the premise that [the alleged victim] was telling the truth" was the statement on cross-examination that the alleged victim "is not somebody that's vindictive and wanting to get back. She wanted to get out of it. She thought she could handle it. She didn't want to have to be reminded of him. She wanted to stay away from him." (R. 271.) Final Brief at 6–7. Counsel argues that this "testimony implied that [the alleged victim] was a victim of sexual abuse, and thus implied that she was truthful." *Id.* at 8. Counsel pointed out that the witness "admitted that she made certain assumptions about the truthfulness of the victim when making [her] assessments." (R. 261.) Final Brief at 9.

The Government argues that the quoted statement "could, at most, only" be construed as stating an assumption by the witness that the alleged victim was being "truthful in order to provide her opinion concerning RAS." Answer to Final Brief at 12–13.

Finally, we note that at one point in response to a government objection, the judge told the defense witness: "You're not a human lie detector." (R. 300.) Earlier, the judge had made the same comment to Dr. Koziol. (R. 239.)

█ There are two important factors to consider here. First, a military judge is presumed to know and apply the law correctly. *See United States v. Prevatte,* 40 MJ 396, 398 (CMA 1994); *United States v. Montgomery,* 20 USCMA 35, 39, 42 CMR 227, 231 (1970). Second, the military judge had sustained appellant's objections to the social worker's testimony that arguably implied that the victim testified credibly: "I thought that she was forthright." Thus, the issue presented here is whether the other testimony of the social worker which arguably implied that the victim was testifying truthfully, and that was not objected to by appellant, was plain error, especially in light of the presumption that a military judge sitting alone knows and applies the law correctly.

As an initial matter, plain error before a military judge sitting alone is rare indeed. While this Court does not today comment on what would constitute plain error in an evi-

dentiary ruling before a military judge sitting alone, we are satisfied that there was no such error here. We must presume that the military judge disregarded any improper testimony that was not objected to by appellant.

■ In fact, the testimony that appellant now asserts as error was elicited by his own counsel on cross-examination. Appellant cannot create error and then take advantage of a situation of his own making. Invited error does not provide a basis for relief. *See*

*United States v. Johnson,* 26 F.3d 669, 677 (7th Cir.1994). After reviewing the record, we hold that there was no plain error.

### III

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX, and Judges SULLIVAN, CRAWFORD, and GIERKE concur.