SULLIVAN, Judge
(concurring in the result):
I agree with the majority that the military judge did not abuse his discretion in admitting the challenged testimony of Ms. Trant. See United States v. Dollente, 45 MJ 234, 238 (1996); see also United States v. Raya, 45 MJ 251, 252-53 (1996). Its “substantial expertise” standard (212 Maj. Op.), however, is somewhat more demanding and considerably less precise than our traditional view that an expert be shown to have “training and experience beyond the ken of the average court member.” United States v. Harris, 46 MJ 221, 224 (1997) (internal quotation marks omitted). I am not persuaded that Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and its progeny require a wholesale reconsideration of our case law on this question. See Kumho Tire Co., Ltd. v. Carmi *216 chael, 526 U.S. 137, 153-55, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) (distinguishing an expert’s qualifications from his methodology).
The second issue in this case I would resolve on the basis of this Court’s decision in United States v. Loukas, 29 MJ 385, 387 (CMA 1990). I think reasonable men might differ in this case whether this was one of those “situations in which, because of military rank, duty, or other similar relationship, there might be subtle pressure on a suspect to respond to an inquiry.” See United States v. Dugo, 10 MJ 206, 210 (CMA 1981). However, clearly this was not an official law-enforcement or disciplinary questioning. United States v. Loukas, supra at 387. That is enough to take it out of the ambit of Article 31(b).