UNITED STATES, Appellee

v.

Troy D. GADDIS, Sergeant
U.S. Army, Appellant

No. 10-0512

Crim. App. No. 20080150

United States Court of Appeals for the Armed Forces

Argued January 25, 2011

Decided August 10, 2011

RYAN, J., delivered the opinion of the Court, in which ERDMANN and STUCKY, JJ., joined. EFFRON, C.J., filed a separate opinion concurring in part and in the result, in which BAKER, J., joined.

<u>Counsel</u>

For Appellant: Lieutenant Colonel D. Linden Barber (argued); Colonel Mark Tellitocci and Captain A. Jason Nef (on brief); Lieutenant Colonel Jonathan F. Potter, Major Grace M. Gallagher, and Major Laura R. Kesler.

For Appellee: Captain Christopher B. Witwer (argued); Major Christopher B. Burgess, Major LaJohnne A. White, and Major Amber J. Williams (on brief).

Military Judges: Patrick J. Parrish and Tara A. Osborn

THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Gaddis, No. 10-0512/AR

Judge RYAN delivered the opinion of the Court.

A panel of officer and enlisted members sitting as a general court-martial convicted Appellant, contrary to his pleas, of one specification of sodomy with a child under the age of twelve and four specifications of indecent acts with a child, in violation of Articles 125 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 925, 934 (2006).  The adjudged and approved sentence consists of a dishonorable discharge, confinement for eight years, forfeiture of all pay and allowances, and reduction to the grade of E-1.

The United States Army Court of Criminal Appeals (CCA) dismissed one specification of indecent acts with a child, but affirmed the other findings.  United States v. Gaddis, No. ARMY 20080150, 2010 CCA LEXIS 39, at *2-*3, 2010 WL 3613889, at *1 (A. Ct. Crim. App. Mar. 31, 2010).  After reassessing the sentence in light of the dismissal, the CCA affirmed the approved sentence.  Id. at *3, 2010 WL 3613889, at *1.

We granted review of the following issues:

I.    WHETHER THE MILITARY JUDGE ERRED BY DENYING APPELLANT THE OPPORTUNITY TO PRESENT EVIDENCE THAT HIS ACCUSER HAD A MOTIVE TO FABRICATE THE ALLEGATIONS AGAINST HIM TO HIDE THE ACCUSER'S SEXUAL ACTIVITY WITH OTHERS FROM THE ACCUSER'S MOTHER.

II.   WHETHER THE BALANCING TEST, AS ARTICULATED IN MRE 412(c)(3) AND UNITED STATES v. BANKER, 60 M.J. 216 (C.A.A.F. 2004), IS CONSTITUTIONAL.

2

We hold that the balancing test in Military Rule of Evidence (M.R.E.) 412(c)(3) is not facially unconstitutional. However, its current iteration -- which purports to balance the "alleged victim's privacy" against the probative value of the evidence -- is needlessly confusing and could lead a military judge to exclude constitutionally required evidence. The "alleged victim's privacy" interests cannot preclude the admission of evidence "the exclusion of which would violate the constitutional rights of the accused." See M.R.E. 412(b)(1)(C). We interpret M.R.E. 412 to preclude the exclusion of any constitutionally required evidence. We further conclude that the military judge did not err in limiting cross-examination of the alleged victim, and the rule was not unconstitutional as applied. The decision of the Army Court of Criminal Appeals is affirmed.

## I. Background

At trial, the Government presented testimony that Appellant committed sodomy and other indecent acts with his minor stepdaughter, TE, on multiple occasions. TE alleged that Appellant sexually assaulted her more than ten times, including several incidents in 2004-2005, when she was ten or eleven years old. Appellant and TE's mother divorced in 2006. TE was fourteen years old at the time of Appellant's court-martial, in February 2008.

In 2006, TE first reported the alleged sexual assaults to her friend, MG. Appellant and TE's mother were separated at the time, and TE was living with MG's family. TE made the allegations after learning that her mother expected her to get a medical examination. TE testified that the physical was required for her to try out for the cheerleading team at her new school, but that she did not want the examination because it would show that she had been raped by Appellant.

The defense sought to present evidence and argument at trial that TE "believed that her mother was going to have her examined medically based on reports and e-mails implying that [TE] was sexually active." TE allegedly expressed concern to MG that the physical would reveal if TE was sexually active, and that she thought her mother wanted her to be examined after seeing an e-mail containing a rumor that TE was sexually active.

The Government argued that evidence of alleged sexual activity was inadmissible under the general rule of M.R.E. 412, which excludes evidence of a victim's prior sexual conduct. Defense counsel countered that the evidence was admissible under the M.R.E. 412(b)(1)(C) exception for constitutionally required evidence, arguing that Appellant "has the right to present a defense, and part of that right is to cross-examine and confront witnesses if they have bias, prejudice, or motive to misrepresent." The defense argued that "[t]he proffered

4

evidence reveals [TE]'s motive to fabricate the allegations against [Appellant] to hide acts of consensual sexual activity from her mother." Defense counsel maintained that this evidence -- which "concerns an e-mail account and rumors of sexual activity" -- was not offered "to prove the veracity of the e-mails or the rumors about [TE]," but rather to impeach TE's credibility. The Government responded that "in order for the defense to really have a motive to fabricate here, they need to show that some sexual activity occurred," making TE afraid to go to the doctor.

In ruling on the admissibility of this evidence, the military judge noted that the defense wants "to use the evidence solely for the impeachment purposes of the victim" and "conceded that they will not use the substantive evidence of the e-mails, therefore, references to whether or not there was a pregnancy or past sexual activity with a specific person." The military judge continued:

> I will allow the defense to use the evidence, for impeachment purposes only within the following parameters:
>
> You will not refer, Defense Counsel, to the prior sexual activity of the victim or the fact that the e-mails contained rumors of prior sexual activity. That would also confuse the panel. You may, however, refer to the mother's discovery of e-mails generically, and based upon those e-mails, the victim's mother wanted to take the victim to a gynecologist and that the alleged victim then made the allegations against the accused shortly thereafter. But you may not refer to

the contents of the e-mails substantively or describe them as e-mails relating to sexual activity. Of course, both parties may argue permissible inferences from this evidence.

On appeal, Appellant argues that this ruling deprived him "of his opportunity to present a meaningful defense illuminating [TE]'s motive to fabricate the allegations." Further, Appellant asserts that M.R.E. 412(c)(3) is unconstitutional on its face and as applied because it permits a military judge to exclude evidence that is otherwise constitutionally required.

## II. M.R.E. 412

Under M.R.E. 412, a rule of exclusion, "[e]vidence offered to prove that any alleged victim engaged in other sexual behavior" is "not admissible in any proceeding involving an alleged sexual offense except as provided in subdivisions (b) and (c)." M.R.E. 412(a). Subdivision (b) provides three exceptions to this general rule of exclusion. M.R.E. 412(b). The third of these exceptions -- the "constitutionally required exception," which is the only exception implicated here -- permits the admission of "evidence the exclusion of which would violate the constitutional rights of the accused." M.R.E. 412(b)(1)(C). Subdivision (c) provides the procedure to determine the admissibility of evidence offered under the three exceptions contained in subdivision (b). M.R.E. 412(c). This

6

procedure includes the "M.R.E. 412 balancing test," which

requires that:

> If the military judge determines . . . that the
> evidence that the accused seeks to offer is relevant
> for a purpose under subsection (b) and that the
> probative value of such evidence outweighs the danger
> of unfair prejudice to the alleged victim's privacy,
> such evidence shall be admissible under this rule to
> the extent an order made by the military judge
> specifies evidence that may be offered and areas with
> respect to which the alleged victim may be examined or
> cross-examined.  Such evidence is still subject to
> challenge under Mil. R. Evid. 403.

M.R.E. 412(c)(3).

### III.  Constitutionally Required Evidence

"[T]he right to present relevant testimony is not without

limitation.  The right may, in appropriate cases, bow to

accommodate other legitimate interests in the criminal trial

process."  Rock v. Arkansas, 483 U.S. 44, 55 (1987) (citation

and quotation marks omitted); see also Delaware v. Van Arsdall,

475 U.S. 673, 679 (1986); Chambers v. Mississippi, 410 U.S. 284,

302-03 (1973); Washington v. Texas, 388 U.S. 14, 23 (1967).

Thus, whether evidence is constitutionally required -- so as to

meet the M.R.E. 412(b)(1)(C) exception to M.R.E. 412's general

prohibition of sexual behavior or predisposition evidence --

demands the ordinary contextual inquiry and balancing of

countervailing interests, e.g., probative value and the right to

expose a witness's motivation in testifying versus the danger of

"harassment, prejudice, confusion of the issues, the witness'

7

safety, or [evidence] that is repetitive or only marginally relevant." Van Arsdall, 475 U.S. at 679. This balance is bounded on the one hand by the broad discretion of trial judges and rulemakers' "broad latitude under the Constitution to establish rules excluding evidence from criminal trials," United States v. Scheffer, 523 U.S. 303, 308 (1998), and on the other by the Constitution's guarantee of "a meaningful opportunity to present a complete defense." Holmes v. South Carolina, 547 U.S 319, 324 (2006) (quoting Crane v. Kentucky, 476 U.S. 683, 690 (1986)) (quotation marks omitted).

M.R.E. 412 is intended to "shield victims of sexual assaults from the often embarrassing and degrading cross-examination and evidence presentations common to [sexual offense prosecutions]." Manual for Courts-Martial, United States, Analysis of the Military Rules of Evidence app. 22 at A22-35 (2008 ed.) [hereinafter Drafters' Analysis]. There is no question that without the privacy language in the balancing test, M.R.E. 412 is a reasonable restriction on the admissibility of evidence that may be minimally relevant, but also carries a high risk of harassment, confusing the issues, and discouraging reports of sexual assault. See, e.g., id. (stating that the rule replaced by M.R.E. 412 had often yielded "evidence of at best minimal probative value with great potential for distraction and incidentally discourage[d] both

the reporting and prosecution of many sexual assaults"); see also United States v. Banker, 60 M.J. 216, 219 (C.A.A.F. 2004) (noting that M.R.E. 412 was intended to encourage victim cooperation in courts-martial and to prevent embarrassment, invasion of privacy, and the infusion of sexual innuendo into the factfinding process); cf. also United States v. Culver, 598 F.3d 740, 749-50 (11th Cir. 2010) (concluding that the exclusion of the victim's prior sexual history under Fed. R. Evid. 412 was a reasonable limitation when the evidence "would have confused the jury and harassed [the victim]" and was "marginally relevant at best"); United States v. Papakee, 573 F.3d 569, 573 (8th Cir. 2009) ("[Fed. R. Evid.] 412 serves important purposes of preventing harassment or embarrassment of sexual abuse victims, and the proffered evidence was of little or no probative value").

Those purposes are proportionately served by the general rule of exclusion in M.R.E. 412(a), as well as the requirement in an earlier iteration of the rule that evidence must be excluded unless "the probative value of such evidence outweighs the danger of unfair prejudice," M.R.E. 412(c)(3) (2005 ed.). But M.R.E. 412(b)(1) was also intended to preserve the "fundamental right of the defense under the Fifth Amendment . . . to present relevant defense evidence by admitting evidence that is 'constitutionally

9

required to be admitted.'"  Drafters' Analysis app. 22 at A22-35; see also Banker, 60 M.J. at 219 (noting that M.R.E. 412 was also intended to "preserv[e] the constitutional rights of the accused to present a defense"); United States v. Dorsey, 16 M.J. 1, 5 (C.M.A. 1983) (noting that the legislative history of M.R.E. 412 "makes clear the drafters' intention that this rule should not be applied in derogation of a criminal accused's constitutional rights").

Appellant argues that the M.R.E. 412 balancing test is facially unconstitutional because it presumes the exclusion of evidence that is constitutionally required under the Sixth Amendment right of confrontation and the Fifth Amendment right to a fair trial.  Under Appellant's reading of the rule, a military judge may first conclude that evidence is constitutionally required under the Fifth or Sixth Amendments, but then nonetheless apply the M.R.E. 412(c)(3) balancing test to exclude the evidence if its probative value does not outweigh the danger of unfair prejudice to the alleged victim's privacy.  We decline to adopt such an interpretation.  Although Congress has authorized the President to prescribe the rules of evidence for courts-martial, Article 36, UCMJ, 10 U.S.C. § 836 (2006), M.R.E. 412 cannot limit the introduction of evidence that is required to be admitted by the

Constitution. See, e.g., Dickerson v. United States, 530

U.S. 428, 437, 444 (2000) ("Congress may not legislatively

supersede our decisions interpreting and applying the

Constitution."); Fed. R. Evid. 412 advisory committee's

note ("The United States Supreme Court has recognized that

in various circumstances a defendant may have a right to

introduce evidence otherwise precluded by an evidence rule

under the Confrontation Clause." (citing Olden v. Kentucky,

488 U.S. 227 (1988))).

### IV.  The M.R.E. 412(c)(3) "Balancing Test"

The M.R.E. 412(c)(3) "balancing test" as currently drafted

in response to this Court's decision in Banker is anything but

simple to understand or apply, but it is not facially

unconstitutional.  There is no question that even considering

the privacy interest of the victim will yield a constitutionally

valid result (1) when applied to evidence that is both

constitutionally required and whose probative value outweighs

the danger of unfair prejudice, as well as (2) when applied to

evidence that is not constitutionally required and whose

probative value does not outweigh the danger of unfair

prejudice.  The test would only be unconstitutional in

circumstances under which a military judge excluded evidence,

the exclusion of which would violate the constitutional rights

of the accused, because its probative value did not outweigh the

danger of unfair prejudice to the alleged victim's privacy.  In those circumstances, the test would be unconstitutional as applied.

Furthermore, rape-shield statutes like M.R.E. 412 do not violate an accused's right to present a defense unless they are "arbitrary" or "disproportionate to the purposes they are designed to serve."  See Scheffer, 523 U.S. at 308 (citation and quotation marks omitted).  M.R.E. 412 is a "rape-shield" law intended "to shield victims of sexual assaults from the often embarrassing and degrading cross-examination and evidence presentations common to prosecutions of such offenses."  Drafters' Analysis app. 22 at A22-35.  The M.R.E. 412 balancing test is neither arbitrary nor disproportionate to this purpose.  Therefore, the test is not facially unconstitutional.

Nonetheless, because of the confusing structure of M.R.E. 412, the test has the potential to lead military judges to exclude constitutionally required evidence merely because its probative value does not outweigh the danger of prejudice to the alleged victim's privacy, which would violate the Constitution.  See Dickerson, 530 U.S. at 437, 444.  And the test is a problem of our own devise, since it was enacted in response to this Court's decision in Banker.[1]

---

[1] The 2007 amendment to M.R.E. 412 "clarifies . . . that in conducting the balancing test, the inquiry is whether the

12

Rather than applying the principles developed in other contexts by the Supreme Court and this Court to the question whether evidence was constitutionally required under the old M.R.E. 412, we held in Banker that "prejudice to the victim's legitimate privacy interests" was part of the constitutional analysis. 60 M.J. at 223 ("[W]hen balancing the probative value of the evidence against the danger of unfair prejudice under M.R.E. 412, the military judge must consider not only the M.R.E. 403 factors such as confusion of the issues, misleading the members, undue delay, waste of time, [and] needless presentation of cumulative evidence, but also prejudice to the victim's legitimate privacy interests." (citing Sanchez, 44 M.J. at

probative value of the evidence outweighs the danger of unfair prejudice to the victim's privacy." Drafters' Analysis app. 22 at A22-36 (emphasis added). This change "highlight[ed] current practice." Id. (citing Banker, 60 M.J. at 223; United States v. Sanchez, 44 M.J. 174, 178 (C.A.A.F. 1996)). However, this problematic change was entirely unnecessary. Military judges retain wide latitude to determine the admissibility of evidence -- a determination that includes weighing the evidence's probative value against "certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." Holmes, 547 U.S. at 326. Applied to the prior version of M.R.E. 412, this latitude encompassed the requirement that the proponent of the evidence demonstrate that the probative value of the evidence outweigh the factors militating against its admission. M.R.E. 412(c)(3) (2005 ed.) ("If the military judge determines . . . that the evidence that the accused seeks to offer is relevant and that the probative value of such evidence outweighs the danger of unfair prejudice, such evidence shall be admissible . . . ."). That test was eminently workable and suffered from no risk of violating either the Constitution or M.R.E. 412 itself.

178)).[2]  This, in turn, was based on our erroneous assumption

that "unfair prejudice" in the context of former M.R.E.

412(c)(3) meant something different than "unfair prejudice" as

the term is generally used under the rules of evidence.  This

was unfounded error; as we explained in United States v.

Collier, 67 M.J. 347, 354 (C.A.A.F. 2009):

> the term "unfair prejudice" in the context of M.R.E.
> 403 "speaks to the capacity of some concededly
> relevant evidence to lure the factfinder into
> declaring guilt on a ground different from proof
> specific to the offense charged."  Old Chief v. United
> States, 519 U.S. 172, 180, 117 S. Ct. 644, 136 L. Ed.
> 2d 574 (1997) (analyzing the purpose behind Fed. R.
> Evid. 403, which is identical to M.R.E. 403) (emphasis
> added); see also Fed. R. Evid. 403 advisory
> committee's note ("'Unfair prejudice' within [Fed. R.
> Evid. 403] means an undue tendency to suggest decision
> on an improper basis, commonly, though not

---

[2] The current version of M.R.E. 412 (including the addition of the "alleged victim's privacy" language, following Banker) was released on September 28, 2007, and became effective on October 1, 2007.  Exec. Order No. 13,447, 72 Fed. Reg. 56, 179 (Sept. 28, 2007).  Appellant was arraigned on September 24, 2007.  The Government's motion in limine to exclude the contested evidence was dated October 19, 2007, and the military judge ruled on the contested evidence on February 12, 2008.  By executive order, a trial in which the arraignment occurred prior to the new rule's effective date "may" proceed as if the amendments had not been prescribed.  Exec. Order No. 13,447, 72 Fed. Reg. 56, 179 (Sept. 28, 2007).  The military judge did not make explicit whether she applied the old text or the new text of the rule.  Therefore, the military judge may or may not have applied the current text of M.R.E. 412.  However, Banker was decided on August 23, 2004, and Banker held that when conducting the M.R.E. 412 balancing test, the military judge must consider prejudice to the victim's legitimate privacy interests.  Banker, 60 M.J. at 223.  We thus presume that the military judge considered the victim's privacy interests pursuant to the law of Banker, which was in effect at the time of the court-martial.  See United States v. Raya, 45 M.J. 251, 253 (C.A.A.F. 1996).

necessarily, an emotional one."). M.R.E. 403
addresses prejudice to the integrity of the trial
process, not prejudice to a particular party or
witness.

Although <u>Banker</u> does not say so, its unsupported assumption that unfair prejudice meant something different in the context of former M.R.E. 412(c)(3) appears based on that portion of the federal analogue, Fed. R. Evid. 412, that applies to <u>civil</u> cases. <u>See</u> Fed. R. Evid. 412(b)(2) ("In a civil case, evidence offered to prove the sexual behavior or sexual predisposition of any alleged victim is admissible if it is otherwise admissible under these rules and its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party.").[3]

Of course, the constitutional interests of a civil defendant and a criminal defendant are distinct. <u>See</u>, <u>e.g.</u>, <u>Cheney v. U.S. Dist. Court for D.C.</u>, 542 U.S. 367, 384 (2004) (noting that "the right to production of relevant evidence in civil proceedings does not have the same 'constitutional dimensions'" as it does in the criminal context (quoting <u>United</u>

_____

[3] Prior to the 1994 amendments to the federal rule, Fed. R. Evid. 412 -- which was at the time nearly identical to the military rule -- contained a balancing test that was applicable to criminal prosecutions. The military rule retained that language. Under the current federal rule, none of the three exceptions for criminal cases -- including the exception for constitutionally required evidence -- is subject to a balancing test. Fed. R. Evid. 412(b)(1). Rather, only in civil cases is such evidence subject to a balancing test. Fed. R. Evid. 412(b)(2).

States v. Nixon, 418 U.S. 683, 711 (1974))); BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 574 n.22 (1996) (observing that "[t]he strict constitutional safeguards afforded to criminal defendants are not applicable to civil cases"). The federal rules implicitly recognize this distinction by importing the victim's privacy interest into the admissibility determination test only in civil cases. See Fed. R. Evid. 412(b)(1)-(2). Nonetheless, in response to Banker, M.R.E. 412 was amended to import the civil balancing test, which considers the privacy interests of the victim as part of the admissibility determination, into military criminal cases.[4]

Yet the rule nowhere provides that if the privacy interest is high, M.R.E. 412 turns into a rule of absolute privilege: in fact, the Drafters' Analysis states precisely the opposite. Drafters' Analysis app. 22 at A22-35 ("[I]t is the Committee's intent that the Rule not be interpreted as a rule of absolute privilege."). Therefore, the best reading of the rule is that,

---

[4] Compare M.R.E. 412(c)(3) (2008 ed.) (balancing whether "the probative value of such evidence outweighs the danger of unfair prejudice to the alleged victim's privacy") (emphasis added), with M.R.E. 412(c)(3) (2005 ed.) (providing that if "the probative value of such evidence outweighs the danger of unfair prejudice, such evidence shall be admissible . . ."), and Fed. R. Evid. 412(b)(2) (requiring admission in civil cases only when the evidence's "probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party"). See also Drafters' Analysis app. 22 at A22-36 (noting that the change was made to "highlight current practice" (citing Banker, 60 M.J. at 223; Sanchez, 44 M.J. at 178)).

as in its prior iteration, the probative value of the evidence must be balanced against and outweigh the ordinary countervailing interests reviewed in making a determination as to whether evidence is constitutionally required. See Van Arsdall, 475 U.S. at 679. We must also ask whether Appellant's constitutional right to cross-examination has been violated. Cf., e.g., Michigan v. Lucas, 500 U.S. 145, 152-53 (1991) (noting that a court must address on the facts of the case whether the exclusion of evidence under a rape-shield statute violated the defendant's Sixth Amendment rights); United States v. Buenaventura, 45 M.J. 72, 79 (C.A.A.F. 1996) (observing that "[w]hether evidence is constitutionally required to be admitted is reviewed on a case-by-case basis," and holding that past sexual behavior evidence was constitutionally required when it was probative of the defense theory of mistaken identity) (quotation marks omitted).

M.R.E. 412 cannot limit the introduction of evidence required by the Constitution -- although the text of the rule seems to permit such a limitation. And the explanation in Banker -- suggesting that balancing constitutionally required evidence against the privacy interest of the victim before admitting it is necessary to further the purpose of the rule, see Banker, 60 M.J. at 222-23 -- is simply wrong. The purposes of M.R.E. 412 are served by the rule itself, which prohibits all

17

evidence of an alleged victim's sexual behavior or predisposition <u>unless</u>, for example, it is constitutionally required.  M.R.E. 412(a)-(b).  If after application of M.R.E. 403 factors the military judge determines that the probative value of the proffered evidence outweighs the danger of unfair prejudice, it is admissible no matter how embarrassing it might be to the alleged victim.

Likewise, if a military judge determines that the evidence is <u>not</u> constitutionally required, the military judge <u>must</u> exclude the evidence under M.R.E. 412 -- regardless of how minimal the alleged victim's privacy interest might be -- because it does not fall under an exception to the general rule of exclusion.  At best the balancing test under M.R.E. 412(c)(3), as currently written, is a nullity with respect to the constitutionally required exception set out in M.R.E. 412(b)(1)(C); at worst it has the potential to cause military judges to unconstitutionally exclude evidence that is constitutionally required or admit evidence that is not.  To a certainty, though, it has done nothing but add additional layers of confusion and uncertainty to the application of M.R.E. 412.

V.  The Application of M.R.E. 412 in This Case

The defense proffered the contested evidence under the M.R.E. 412(b)(1)(C) exception for constitutionally required evidence, arguing that Appellant "has the right to present a

defense, and part of that right is to cross-examine and confront witnesses if they have bias, prejudice, or motive to misrepresent." Therefore, we must ask whether the exclusion of the evidence violated Appellant's constitutional right to cross-examination, in light of applicable precedents.

An accused has a Sixth Amendment right to confront the witnesses against him. U.S. Const. amend. VI. "It is well settled that 'the exposure of a witness'[s] motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination.'" Collier, 67 M.J. at 352 (quoting Davis v. Alaska, 415 U.S. 308, 316-17 (1974)). A limitation on an accused's presentation of evidence related to issues such as bias or motive to fabricate may violate an accused's right to confront witnesses. See Davis, 415 U.S. at 316-17. However, "trial judges retain wide latitude . . . to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Van Arsdall, 475 U.S. at 679; see also Delaware v. Fensterer, 474 U.S. 15, 20 (1985) (per curiam); United States v. James, 61 M.J. 132, 136 (C.A.A.F. 2005).

We must thus ask whether the exclusion of evidence deprived Appellant of a fair trial or an opportunity for cross-

19

examination.  The question, then, is whether "[a] reasonable jury might have received a significantly different impression of [the witness]'s credibility had [defense counsel] been permitted to pursue his proposed line of cross-examination."  Van Arsdall, 475 U.S. at 680.

Here, the military judge simply imposed "reasonable limits" on the cross-examination, see id. at 679, and left open an "opportunity for effective cross-examination."  Fensterer, 474 U.S. at 20 (emphasis in original).  In fact, the military judge did allow the defense to ask TE about the connection between the e-mails and the physical.  The defense was thus able to present its theory of TE's motive to lie to the members, as well as to argue that case to the members.[5]  And "once the defendant has been allowed to expose a witness's motivation in testifying, it is of peripheral concern to the Sixth Amendment how much opportunity defense counsel gets to hammer that point home to the jury."  James, 61 M.J. at 136 (citation and quotation marks omitted).  Moreover, a reasonable panel would not have received

_____

[5] In closing, defense counsel argued that TE's mother was "not very happy with her because she saw something on some e-mail account that led her to ask [TE] if she had had sex and [TE] said no."  TE "was scared, not of a cheerleading exam as she tried to say . . . .  She was scared because of her mom and something that was read.  That's what happened."  Defense counsel concluded, "A little white lie maybe to get out of trouble with mom suddenly blew up in her face, and she has not been able to keep the facts straight since then."  Therefore, the defense established TE's motive to fabricate, and in fact placed this issue squarely before the members.

"a significantly different impression" of TE's credibility had Appellant been permitted to cross-examine her regarding the substance of the e-mails, which only contained unsubstantiated rumors of sexual activity.  See Van Arsdall, 475 U.S. at 680. Therefore, the contested evidence was not constitutionally required, does not qualify for the M.R.E. 412(b)(1)(C) exception, and was properly excluded under M.R.E. 412.

## VI.  Conclusion

For the foregoing reasons, the decision of the United States Army Court of Criminal Appeals is affirmed.

United States v. Gaddis, No. 10-0512/AR

EFFRON, Chief Judge, with whom BAKER, Judge, joins (concurring in part and in the result):

I agree with the majority opinion that:  (1) the balancing test in Military Rule of Evidence (M.R.E.) 412(c)(3) is not unconstitutional on its face; (2) if exclusion of evidence would violate the constitutional rights of the accused, the evidence is admissible under the rule irrespective of the relative balance between the probative nature of the evidence and the impact on the alleged victim's privacy; and (3) the rule was not applied in an unconstitutional manner in this case.  I write separately to address the interpretation of M.R.E. 412.

## I.  THE RULE

Congress has delegated to the President the authority to prescribe rules of evidence for courts-martial under Article 36, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 836 (2006). See United States v. Jones, 68 M.J. 465, 472 (C.A.A.F. 2010). Pursuant to that authority, the President has promulgated M.R.E. 412, entitled "Sex offense cases; relevance of alleged victim's sexual behavior or sexual predisposition."  Subsection (a) of the rule, entitled "Evidence generally inadmissible" provides a general limitation on the admission into evidence of an alleged victim's sexual behavior or sexual predisposition.

Subsection (b)(1) of the rule contains the following exceptions to the general limitation:

> In a proceeding, the following evidence is admissible, if otherwise admissible under these rules:
>
> (A) evidence of specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of semen, injury, or other physical evidence;
>
> (B) evidence of specific instances of sexual behavior by the alleged victim with respect to the person accused of the sexual misconduct offered by the accused to prove consent or by the prosecution; and
>
> (C) evidence the exclusion of which would violate the constitutional rights of the accused.

Subsection (c) of the rule sets forth the procedure to determine the admissibility of evidence under the exceptions. Paragraph (c)(1) requires the party seeking to admit such evidence to offer a motion and sets forth related procedural requirements. Paragraph (c)(2) requires the military judge to conduct a hearing prior to admitting such evidence under the rule. Paragraph (c)(3) states:

> If the military judge determines on the basis of the hearing described in paragraph (2) of this subsection that the evidence that the accused seeks to offer is relevant for a purpose under subsection (b) and that the probative value of such evidence outweighs the danger of unfair prejudice to the alleged victim's privacy, such evidence

> shall be admissible under this rule to the extent an order made by the military judge specifies evidence that may be offered and areas with respect to which the alleged victim may be examined or cross-examined. Such evidence is still subject to challenge under Mil. R. Evid. 403.

## II.  THE TWO BALANCING TESTS

M.R.E. 412(c)(3) involves two separate balancing tests. The first balancing test, set forth in the first sentence of paragraph (c)(3), expressly refers to a determination as to whether "the probative value of such evidence outweighs the danger of unfair prejudice to the alleged victim's privacy." The second balancing test is incorporated by the reference in the second sentence of paragraph (c)(3) to M.R.E. 403, which provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The two tests are related, but distinct.  The victim's privacy interest in the first balancing test under M.R.E. 412(c)(3) is not coextensive with the M.R.E. 403 criteria in the second balancing test.  As we noted in United States v. Collier, "M.R.E. 403 addresses prejudice to the integrity of the trial process, not prejudice to a particular party or witness."  67

M.J. 347, 354 (C.A.A.F. 2009).  By contrast, M.R.E. 412(c)(3) focuses directly on prejudice to the interests of a particular witness -- the alleged victim -- whose privacy interest may or may not fall within the M.R.E. 403 criteria, depending on the circumstances of the case.

The two balancing tests also involve separate standards. M.R.E. 403 permits exclusion of evidence based upon a determination as to whether the probative value "substantially outweigh[s]" one or more of criteria under the Rule.  M.R.E. 412(c)(3) provides for admissibility (not exclusion) based upon balancing two specific criteria -- probative value and the victim's privacy.

### III.  INTERPRETATION

Appellant's interpretation of M.R.E. 412(c)(3) would permit a military judge to exclude evidence constitutionally required to be admitted under the Fifth or Sixth Amendment on the basis that the rule requires exclusion when a victim's privacy interests outweigh the probative value.  In Appellant's view, the rule, as so interpreted, would produce an unconstitutional deprivation of the rights of a defendant to present evidence under the Constitution.

Appellant's interpretation reflects an inference, not the express terms of the rule. Appellant's interpretation assumes

that because the text addresses conditions under which evidence is admissible, we should infer that the rule necessarily requires exclusion of all other evidence -- that is, evidence which fails the balancing test.

Appellant's approach presents a plausible, but not a necessary interpretation of the rule. The text of paragraph (c)(3) does not use express words of exclusion or limitation. The President could have, but did not use a phrase such as "evidence is inadmissible unless" it meets the balancing test, or "evidence is admissible only" if it meets the balancing test. Instead, the President in paragraph (c)(3) set forth a balancing test which provides that evidence "shall be admissible" under the test without expressly addressing the admissibility of evidence outside the balancing test.

Appellant would interpret paragraph (c)(3) as providing an exclusive rule of admissibility, precluding the introduction of evidence that does not meet the balancing test, even if constitutionally required. Alternatively, however, paragraph (c)(3) may be interpreted as a non-exclusive rule, providing for admissibility of evidence that meets the balancing test, while permitting evidence that does not meet the test to be addressed under other provisions of M.R.E. 412(c)(3).

Interpreting paragraph (c)(3) as the exclusive vehicle for admissibility, as suggested by Appellant, would create a

5

conflict with the admissibility provisions of subparagraph (b)(1)(C) (providing for admissibility when exclusion "would violate the constitutional rights of the accused"). As such, Appellant's interpretation would also create a conflict between the rule and the Constitution.

The conflict presented by Appellant's theory, which is not required by the text of the rule, is unnecessary in this case. Under the applicable doctrines of statutory interpretation, which we apply to our review of the Manual for Courts-Martial, see United States v. Custis, 65 M.J. 366, 370 (C.A.A.F. 2007), we may read related provisions in harmony, giving meaning to each provision of the rule, while avoiding constitutional conflicts. See 2A Norman J. Singer & J. D. Shambie Singer, Sutherland Statutes and Statutory Construction §§ 45:11, 78; 46: 5, 213-14; 46:6, 230 (7th ed. 2007). In light of those concepts, we may choose the alternative reading of the rule, and treat paragraph (c)(3) as a non-exclusive rule of admissibility. See id. § 45:11, 78-83.

As a non-exclusive rule, paragraph (c)(3) serves a specific purpose. The rule expressly requires balancing of the victim's privacy interests and the probative value of the evidence as a factor on the question of admissibility. Irrespective of whether such a provision is necessary as a matter of law or policy, it is well within the President's authority under

Article 36, UCMJ, to require such balancing as part of the admissibility determination.

Under the rule, the military judge addresses the following questions:

(1) Does the evidence involve the alleged victim's sexual behavior or sexual predisposition under the general rule of inadmissibility in subsection (a)?

(2) If so, is the evidence relevant under paragraph (c)(3) to one of the three exceptions providing for admissibility under subsection (b)?

(3) If relevant, does the evidence meet the balancing test under paragraph (c)(3)?

(4) If the evidence meets the balancing test under paragraph (c)(3), is it nonetheless subject to exclusion under M.R.E. 403?

(5) If the evidence does not meet the admissibility test under paragraph (c)(3), is it nonetheless admissible to protect the "constitutional rights of the accused" under subparagraph (b)(1)(C)?  See, e.g., United States v. Banker, 60 M.J. 216, 222 (C.A.A.F. 2004) (discussing the admissibility of evidence that is "vital" to the defense).

IV.  LAW AND POLICY

The President has ample authority under Article 36, UCMJ, to decide whether and how to expressly address the interests of alleged victims in M.R.E. 412.  In 2007, the President amended M.R.E. 412 to provide in paragraph (c)(3) for use of a balancing test that addressed the victim's interests.  See Manual for Courts-Martial, United States, Analysis of the Military Rules of Evidence app. 22 at A22-36 (2008 ed.).  Prior to 2007, consideration of a victim's interests was addressed through judicial interpretation of the prior rule, which did not expressly provide such a balancing test.  See id.

In United States v. Sanchez, 44 M.J. 174, 178 (C.A.A.F. 1996), which described M.R.E. 412 as a valid exercise of Presidential power, we noted that the rule involved "a weighing of the probative value of the evidence against the interest of shielding the victim's privacy."  Subsequently, in the course of interpreting M.R.E. 412(c)(3), we noted in Banker, 60 M.J. at 223, that "when balancing the probative value of the evidence . . . under M.R.E. 412, the military judge must consider not only the M.R.E. 403 factors . . . , but also prejudice to the victim's legitimate privacy interests."

The references to the alleged victim's interests in Sanchez and Banker reflected our Court's interpretation of M.R.E. 412 as promulgated by the President under the authority delegated to

8

the President in Article 36, UCMJ.  Neither case held that the President was obligated to provide expressly for consideration of the alleged victim's interests as a matter of law under the Constitution or the UCMJ.  In that context, these decisions did not limit the authority of the President to take a different approach, including consideration of matters particular to military practice.  Cf. Banker, 60 M.J. at 221 (citing the analysis that "the application of [M.R.E. 412] has been somewhat broadened . . . to adapt [it] to military practice" (first set of brackets in original)).

In the aftermath of Sanchez and Banker, the President had at least three options with respect to treatment of an alleged victim's interests under the rule:  (1) leave the prior version of the rule in place, thereby allowing the interests of alleged victims to be addressed through judicial interpretation rather than express regulatory language; (2) amend M.R.E. 412 to negate the Sanchez-Banker interpretative approach by expressly providing, for example, that the interests of alleged victims be considered only to the extent required by M.R.E. 403; and (3) amend the rule to incorporate expressly provisions dealing with the interests of alleged victims along the lines offered in Sanchez and Banker.  See generally United States v. Tualla, 52 M.J. 228, 231 (C.A.A.F. 2000) (discussing the authority of the

President to amend the Manual for Courts-Martial in the aftermath of judicial decisions).

The President chose the third option, setting forth a balancing test that expressly addresses the interests of alleged victims.  The President remains free to retain that approach or to amend the rule in any fashion consistent with Article 36, UCMJ, the balance of the UCMJ, and the Constitution.  The policy question of whether to address victim interests through the balancing test in the rule is a matter for the President and Congress to decide.  Until the rule is changed, it remains in effect, subject to our obligation to interpret the rule in accordance with the Constitution and applicable legislation.